## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 14 2015, 9:03 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Rodger L. Blackburn,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 14, 2015

Court of Appeals Case No.
11A01-1505-CR-398

Appeal from the Clay Circuit Court

The Honorable Joseph Trout, Judge

Trial Court Cause No.
11C01-1411-F5-837

**Bailey, Judge.**

# Case Summary

In this belated appeal pursuant to Indiana Post-Conviction Rule 2, Rodger L. Blackburn ("Blackburn") appeals his conviction for Criminal Trespass, as a Class A misdemeanor.[1] He presents the sole issue of whether the evidence is sufficient to support the conviction. We affirm.

# Facts and Procedural History

In 2001, Edward Blackburn ("Edward"), who is Blackburn's brother, purchased land and a residence in Clay County ("the Property"). Blackburn twice assisted Edward with roofing work at the Property.

In 2014, Edward rented the Property to his sister, Angie Hastings ("Hastings"), and brother-in-law, Billy Matherly ("Matherly"). Edward prohibited Hastings and Matherly from allowing Blackburn on the Property. Nonetheless, Blackburn twice came to the Property during Hastings's tenancy. Although Blackburn was advised that he was not allowed on the Property, he remained long enough to engage in some conversation with his mother, Debbie Blackburn ("Debbie") without incident.

On November 2, 2014, Blackburn again came to the Property for the purpose of speaking with his mother. They engaged in some conversation on the porch

---

[1] Ind. Code § 35-43-2-2. Blackburn does not challenge his conviction for Battery, as a Level 5 felony. I.C. § 35-42-2-1.

and Debbie went back into the house. She refused to come back outside and this angered Blackburn. He began to curse and threaten both Hastings and Matherly. Blackburn charged through the door and a fight ensued between him and Matherly. During the struggle, Blackburn drew a knife from his pocket and stabbed Matherly in the shoulder. Hastings called 9-1-1 and Blackburn fled.

On November 17, 2014, Blackburn was arrested. He was charged with two counts of Battery (one as to Matherly and one as to Hastings)[2] and one count each of Criminal Recklessness[3] and Criminal Trespass. Blackburn was tried before a jury and acquitted of the alleged battery upon Hastings. He was convicted of the remaining charges. Due to double jeopardy concerns, the trial court did not enter judgment upon the Criminal Recklessness conviction. Blackburn was sentenced to six years imprisonment for the Level 5 battery upon Matherly. He was given a one-year concurrent sentence for Criminal Trespass. This appeal ensued.

# Discussion and Decision

Blackburn was charged with violating Indiana Code section 35-43-2-2(b)(1), which provides:

> A person who:

---

[2] Hastings had reported to police that Blackburn had kicked her in the stomach.

[3] I.C. § 35-42-2-2.

> (1) not having a contractual interest in the property, knowingly or intentionally enters the real property of another person after having been denied entry by the other person or that person's agent[.]

[7] Subsection (c) provides in relevant part:

> A person has been denied entry under subsection (b)(1) when the person has been denied entry by means of:
>
> (1) personal communication, oral or written;
> (2) posting or exhibiting a notice at the main entrance in a manner that is either prescribed by law or likely to come to the attention of the public; or
> (3) a hearing authority or court order [.]

[8] The criminal trespass statute's purpose is to punish those who willfully or without a bona fide claim of right commit acts of trespass on the land of another. *Semenick v. State*, 977 N.E.2d 7, 9 (Ind. Ct. App. 2012), *trans. denied*. Blackburn acknowledges that sufficient evidence exists to prove that he did not have a contractual interest in the Property, and that he knowingly or intentionally entered onto it. He asserts only that the State failed to prove beyond a reasonable doubt that his entry occurred after he had been denied entry by his sister or her agent.

[9] When reviewing the sufficiency of the evidence to support a conviction, we will consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

[10]    The State introduced evidence that the owner and the tenants of the property had denied Blackburn entry.  Edward testified:  "I told [Rodger] I didn't want [him] anywhere on my property."  (Tr. at 10.)  Matherly testified that he had "told Rodger Blackburn not to come to [the Property]" and that "one of the stipulations of us renting the house was [Blackburn is] not to be on the property."  (Tr. at 23.)  Matherly testified further:

> He's came [sic] there a couple different times before this incident and we've told him he's not to be there, but instead of get in an argument and make him leave, he just wanted to talk to his mom so we figured all right, let him talk to his mom, get him out of here with as much or as less trauma.

(Tr. at 23.)  Hastings corroborated her husband's testimony:

> The last time he was at my house I told him he wasn't supposed to be there because we would have to leave.  We would have to move.  He wasn't allowed on the property from my other brother[.] . . . In fact we asked him not to come to our house.

(Tr. at 63, 70.)

[11]    There is sufficient evidence from which the jury could find that Blackburn had entered the Property after being denied entry in accordance with Indiana Code section 35-43-2-2(1)(c).

# Conclusion

[12]     Blackburn's conviction for Criminal Trespass is supported by sufficient evidence.

[13]     Affirmed.

Vaidik, C.J., and Crone, J., concur.